**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| DAWN HARDIN and<br>HARRY HARDIN,<br><br>    Plaintiffs,<br><br>v.<br><br>FELDMAN & STERN, LLC,<br><br>    Defendant. | 3:18-cv-00052-RLY-MPB |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST**
**FELDMAN & STERN, LLC ON A SUM CERTAIN**

NOW comes DAWN HARDIN and HARRY HARDIN. ("Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against FELDMAN & STERN, LLC ("Defendant") and in support thereof, stating as follows:

1. On March 19, 2018, Plaintiffs filed their Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA"). The basis of Plaintiffs' Complaint is that Defendant violated the FDCPA and IDCSA through its collection activities.

2. On March 27, 2018, Benny Gonzalez, a certified process server, effectuated service on Defendant by serving Anthony S. Beshere, who is authorized to accepted service on behalf of Defendant.

3. On April 20, 2018, Defendant filed an Answer through non-attorney Anthony Beshere.

4. On May 18, 2018, this Honorable Court entered an Order striking Defendant's Answer noting that it was filed by a non-attorney at the benefit of a corporation.

5. Defendant has not re-filed any responsive pleading in the instant action.

6. On July 9, 2018, after Defendant's time to file a responsive pleading elapsed, Plaintiffs caused to be filed a Motion for Entry of Default pursuant to FRCP 55(a). Attached to Plaintiffs' Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had been properly made; that Defendant had failed to file a valid responsive pleading; and that Defendant was not a member of a protected class.

7. On July 30, 2018, Plaintiffs' Motion for Entry of Default was granted by this Honorable Court.

8. As highlighted above, Defendant is aware of the instant proceedings and has willfully chosen not to formally enter the case despite proper service and additional notice from this Honorable Court that its Answer was stricken.

9. Plaintiffs seek statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Ind. Code §24-5-0-0.5-4(a) and payment of their costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## STATUTORY DAMAGES

11. Plaintiffs seek statutory damages of the maximum allowed under the FDCPA, $1,000.00 each, pursuant to 15 U.S.C. §1692k(a)(2)(A).

12. Based on Defendant's conduct, Plaintiffs believe this Honorable Court should not hesitate to impose liability on Defendant to the fullest extent of the law. As Plaintiffs' Complaint states, Defendant engaged in willfully harassing collection activity. Specifically, Defendant caused to be placed incessant and harassing phone calls to

    Plaintiffs' cellular phones after being told to stop.  Most alarmingly, Defendant placed numerous phone calls to Plaintiff's employer, jeopardizing his income. Such conduct is in clear violation of the FDCPA.

13. Plaintiffs seek statutory damages under the IDCSA of $500.00 each, pursuant to Ind. Code §24-5-0-0.5-4(a).

14. Defendant deceptively obtained Plaintiff's employer's phone number and proceeded to call several times despite Plaintiff's request to cease calling. Defendant provided misleading information in attempt to collect a debt by representing a mischaracterized amount due and threatening to pursue legal action against Plaintiffs.

15. Defendant has had clear notice of this lawsuit through its Registered Agent. Rather than properly avail itself to the legal process, Defendant has willfully chosen not to participate in a manner directed by this Honorable Court and as such has waived its right to be given any benefit.

### I. ATTORNEY FEES AND COSTS

15. Plaintiffs are seeking $3085.50 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and I.C. 24-5-0.5-4(a). *See* attached Exhibit A is a true and correct itemization of Plaintiffs' reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiffs, DAWN HARDIN and HARRY HARDIN respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Entering a Default Judgment against FELDMAN & STERN, LLC and in favor of Plaintiffs;

b. Awarding Plaintiffs statutory damages of $1,000.00 each pursuant to 15 U.S.C. §1692k(a)(2)(A) against FELDMAN & STERN, LLC and in favor of Plaintiff;

c.  Awarding Plaintiffs statutory damages of $500.00 each pursuant to Ind. Code §24-5-0-0.5-4(a) against FELDMAN & STERN, LLC and in favor of Plaintiffs;

d.  Awarding Plaintiffs $3,085.50 in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and I.C. 24-5-0.5-4(a) against FELDMAN & STERN, LLC and in favor of Plaintiffs;

e.  Allowing judgment interest to be added; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiffs, certifies that on September 18, 2018, he caused a copy of the foregoing PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST FELDMAN & STERN, LLC ON A SUM CERTAIN, to be served by U.S Certified Mail, postage prepaid, on:

Feldman & Stern, LLC
c/o Registered Agent
Anthony S. Beshere
152 Hattaway Drive
Altamonte Springs, FL 32701

s/ Nathan C. Volheim
Nathan C. Volheim, Esq.